UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL WARD-EL,

             Plaintiff,

v.

SGT. ANDERSON, et al.,

             Defendants.

                                           /

Case No. 2:21-cv-10462

HONORABLE STEPHEN J. MURPHY, III

## **OMNIBUS ORDER**

The Court granted in forma pauperis status to Plaintiff Nathaniel Ward-El so that he might proceed in the present civil rights case. ECF 4. Defendants recently moved for the Court to revoke Plaintiff's in forma pauperis status. ECF 32. Because Plaintiff is a "three striker," the Court will sua sponte revoke in forma pauperis status and dismiss the case.

Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915(a)). But "if a prisoner has attained 'three strikes,' he is thereafter precluded from proceeding [in forma pauperis] in civil actions unless under threat of immediate harm." *Scott v. Evans*, 116 F. App'x 699, 702 (6th Cir. 2004) (citing *Wilson v. Yaklich*, 148 F.3d 596, 602–04 (6th Cir. 1998)). A prisoner earns a strike if he, "while incarcerated or detained in any facility, [has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

1

which relief may be granted." § 1915(g). The only exception to the rule is when the "prisoner is under imminent danger of serious physical injury." *Id.* The Court may sua sponte dismiss a complaint under § 1915(g) based on the three strikes provision. *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (collecting cases); *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997).

Plaintiff is a prolific filer in Michigan Federal Courts.[1] He has three strikes because many cases were dismissed as "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." § 1915(g); s*ee, e.g.*, *Ward*, No. 1:13-cv-00580, ECF 42 (W.D. Mich. June 29, 2015); *Ward*, No. 1:15-cv-00295, ECF 5 (W.D. Mich. Apr. 20, 2015); *Ward*, No. 1:13-cv-00304, ECF 14 (W.D. Mich. July 2, 2013). The Court initially overlooked those cases when it conducted its screening before granting in forma pauperis status because Plaintiff's last name is different here. But the Court is now certain that Nathaniel Ward is the same individual as Plaintiff in the present action because both share the same inmate number, 240660. ECF 1, PgID 20; *Ward*, No. 1:15-cv-00295, ECF 1, PgID 1 (W.D. Mich. Mar. 18, 2015); *Ward*, No. 1:13-cv-00580,

---

[1] For example, *Ward v. Boleski*, No. 3:21-cv-11766, ECF 1 (E.D. Mich. July 16, 2021); *Ward v. Marietti*, No. 1:15-cv-00295, ECF 1 (W.D. Mich. Mar. 18, 2015); *Ward v. Campbell*, No. 2:15-cv-00037, ECF 1 (W.D. Mich. Feb. 27, 2015); *Ward v. Campbell*, No. 2:15-cv-00027, ECF 1 (W.D. Mich. Feb. 13, 2015); *Ward-El v. Lucky*, No. 1:15-cv-10238, ECF 1 (E.D. Mich. Jan. 21, 2015); *Ward v. Kafczynski*, No. 2:14-cv-00096, ECF 1 (W.D. Mich. Apr. 23, 2014); *Ward v. Heyns*, No. 2:13-cv-13595, ECF 1 (E.D. Mich. Aug. 20, 2013); *Ward v. Thompson*, No. 1:13-cv-00580, ECF 1 (W.D. Mich. May 28, 2013); *Ward v. Dunklow*, No. 1:13-cv-00304, ECF 1 (W.D. Mich. Mar. 7, 2013); *Ward v. Dunklow*, No. 2:13-cv-11044, ECF 1 (E.D. Mich. Mar. 7, 2013); *Ward v. Luckey*, No. 2:12-cv-14875, ECF 1 (E.D. Mich. Nov. 1, 2012); *Ward v. O'Connor*, No. 2:12-cv-14729, ECF 1, (E.D. Mich. Oct. 25, 2012).

ECF 1, PgID 16 (W.D. Mich. May 28, 2013); *Ward*, No. 1:13-cv-00304, ECF 1, PgID 18 (W.D. Mich. Mar. 7, 2013).

Given that Plaintiff is a three-striker, the Court will sua sponte dismiss the case because the pleadings do not show that Plaintiff "is under imminent danger of serious physical injury." § 1915(g); *see* ECF 1; 8. Because the case is dismissed, the Court will deny the pending motions for summary judgment, ECF 31, and to dismiss, ECF 32, as moot.

Plaintiff may, however, resume litigating any of the claims dismissed under § 1915(g) if he pays the filing fee under 28 U.S.C. § 1914. *Witzke*, 966 F. Supp at 540. Plaintiff's dismissal under § 1915(g) bars him from appealing the in forma pauperis finding. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999). The Court will not certify that any appeal from this dismissal would be in good faith.

Last, the Court will enjoin Plaintiff from filing a new action without first obtaining leave from the Court. The Sixth Circuit has held that a district court may enjoin "vexatious litigants" from filing a new action without first obtaining permission. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Over the years, Plaintiff has filed many similar complaints against various defendants in the Michigan prison system. The cases have been quickly resolved as unmeritorious. As a result, the Court will enjoin Plaintiff from filing a new action without first obtaining leave from the Court.

**WHEREFORE**, it is hereby **ORDERED** that the case is **DISMISSED** under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that in forma pauperis status is **DENIED** on appeal.

**IT IS FURTHER ORDERED** that the motions for summary judgment [31] and to dismiss [32] are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Nathaniel Ward-El with inmate number 240660 (also known as Nathaniel Ward with inmate number 240660) is permanently **ENJOINED** from filing any new action in this Court without first obtaining leave. After submitting any new complaint from Ward-El to the Clerk of the Court, the complaint will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's Office must assign the complaint to a randomly selected Judge; otherwise, the complaint must be dismissed.

This is a final order that closes the case.

**SO ORDERED.**

> s/ Stephen J. Murphy, III
> STEPHEN J. MURPHY, III
> United States District Judge

Dated: January 27, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2022, by electronic and/or ordinary mail.

> s/ David P. Parker
> Case Manager